## In re KAUPISCH CREAMERY CO.

(District Court, D. Oregon. February 28, 1901.)

### No. 136.

BANKRUPTCY—ATTACHMENT—JUDGMENT.

An action was brought July 22, 1899, and attachment levied and an order of sale entered September 19, 1899. A petition in involuntary bankruptcy was filed against the debtor August 7, 1899, and it was adjudged bankrupt October 5, 1899. The debtor was insolvent when the attachment was levied, but the attaching creditors had no knowledge thereof. The statutes of Oregon provide that from the date of the attachment, plaintiff, as against third persons, shall be deemed a purchaser in good faith. *Held* not to bring the claim of plaintiff in attachment within Bankr. Act, § 67f, providing that nothing in the act shall destroy a title obtained by attachment, or other lien, of a bona fide purchaser for value, but that the attachment was void under section 67, par. "f," of the act, which provides that all attachments obtained against insolvents within four months prior to the filing of a petition shall be deemed void.

A. K. Wilson, for G. G. Wickson & Co.

Bauer & Greene, for trustee.

BELLINGER, District Judge. Wickson & Co. began an action on July 22, 1899, against the Kaupisch Creamery Company on a provable claim for $313.57, and levied on the property of the company under an attachment. Judgment was rendered in the action for the amount claimed, and an order of sale of the attached property was entered on September 19, 1899. A petition in involuntary bankruptcy was filed against the creamery company on August 7, 1899, and the company was adjudged bankrupt on the 5th of the following October. The creamery company was insolvent when the attachment was levied, but the attaching creditors did not know, and had no reasonable cause to believe, that such insolvency existed at the time of their attachment. The laws of Oregon contain the following provision:

"From the date of the attachment until it be discharged or the writ executed, the plaintiff as against third persons shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal,

attached, subject to the conditions prescribed in the next section as to real property."

It is contended that this statute brings the claim of Wickson & Co. within the terms of section 67f of the bankruptcy act, which provides that:

"Nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

Paragraph "f" of section 67 of the bankruptcy act provides that:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

Paragraph "c" of the same section provides that:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if," among other things, "it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference."

Does the fact that under the laws of Oregon the plaintiff in an attachment is to be deemed, as against third persons, a purchaser in good faith and for a valuable consideration of the property attached, have the effect of avoiding these provisions of the bankruptcy act which render null and void and dissolve all attachment and judgment liens against an insolvent person obtained within four months prior to the filing of the petition in bankruptcy against such person? The object of all provisos is to qualify or restrain the general clause, and they are not allowed to repeal or destroy it. The particular enactment would be a vain act, so far as this state is concerned, if the construction contended for is adopted. It would put it in the power of every state in the Union to defeat all provisions of the bankruptcy act against preferences and fraudulent transfers by its legislative fiat that preferred creditors, and all transferees of the bankrupt's property are to be deemed bona fide purchasers for value. If the proviso in this case has the meaning imputed to it, it must be held void under the rule of statutory construction that a proviso which is repugnant to the enactment is to be held void. But such is not its meaning. The bankruptcy act has carefully preserved the interests of bona fide purchasers for value from the general enactment, declaring conveyances to delay and defraud creditors void, and it preserves liens given or accepted in good faith and for a present consideration. The proviso in question, upon the same principle, preserves the rights of bona fide purchasers for value, whose title is derived through an attachment, judgment, or other lien, from the operation of the general enactment against such liens obtained on proceedings begun within four months before the filing of the petition in bankruptcy. While the act protects an innocent purchaser,

whether the purchase is one of title or lien, it annuls all preferences to creditors obtained within the prescribed time, and this object cannot be defeated by the expedient of calling a preference a purchase. The two acts do not mean the same thing. The proviso in the act of congress has reference to the title of an innocent purchaser; the state act has reference to the priority of lien in favor of an attaching or judgment creditor. The state enactment does not purport to give an attaching creditor the character of a bona fide purchaser,—a thing involving an absurdity, and not possible. It gives him such priority of right as a bona fide purchaser acquires by his purchase. The proviso in the act of congress refuses to recognize such a priority where the lien is obtained on proceedings begun within the prescribed time. It protects the title of the bona fide purchaser, but repudiates the lien of the attachment. The order of the referee disallowing the petitioners' claim is affirmed.